UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

———

No. 1:26-cv-01525

———

**Rothwell,**

*Plaintiff,*

v.

**Anthony & Sylvan Corp.,**

*Defendant.*

———

## MEMORANDUM OPINION AND ORDER

Defendant Anthony & Sylvan Corporation filed a motion to transfer this case to the Eastern District of Pennsylvania and a motion to extend the responsive pleading deadline. *See* ECF Nos. 6, 7. Plaintiff David Rothwell responded separately to both motions, *see* ECF Nos. 8, 9, and Defendant replied, *see* ECF Nos. 10, 11. The Court GRANTS both motions.

### BACKGROUND

Plaintiff, a resident of Travis County, Texas, was employed as a pool sales representative with Defendant from 2014 until his resignation in May 2024. *See* Compl. at ¶¶ 8–10 (ECF No. 1-1). Defendant is a corporation formed in and under the laws of the State of Ohio, and its headquarters and principal place of business are located in Warminster, Pennsylvania.[1] Plaintiff sued Defendant in May 2026 in Travis County district court.

---

[1] Plaintiff's complaint alleges that Defendant is "organized under the laws of the State of Delaware and registered to do business in the State of Texas." Compl. at ¶ 5. Defendant's General Counsel swears, under the penalty of perjury, that Defendant is a corporation formed under the laws of the State of Ohio. ECF No. 1-1 at p. 15. For purposes of this transfer, this discrepancy is irrelevant.

1

When Plaintiff was hired in 2014, he and Defendant executed a written employment agreement ("the Agreement") entitling Plaintiff to participate in a deferred compensation plan ("the Plan"). Compl. at ¶ 10. Plaintiff alleges that upon the termination of his employment, the balance of the Plan was never paid to him, despite him electing to receive monthly payments over 60 months. Compl. at ¶¶ 10–14. This alleged entitlement to funds from the Plan is at the root of each of Plaintiff's claims. Compl. at ¶¶ 16–27.

Two provisions of the Agreement are relevant to the resolution of this motion: (1) Section 2, which discusses the Plan and payout post-termination (and states that the opportunity to participate in the Plan is sufficient consideration for the two-year restrictive covenant found in Section 5 of the Agreement); and (2) Section 8, which includes a choice-of-law and forum selection clause. *See* Agreement at §§ 2, 8 *(*ECF No. 6-2). Section 8 states:

> This Agreement shall be governed by, and all questions relating to its validity, interpretation, enforcement and performance (including, without limitation, provisions concerning limitations of actions) shall be construed in accordance with, the internal laws of the Commonwealth of Pennsylvania. The parties hereto consent to the jurisdiction, including the personal jurisdiction, of the courts of the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania as the exclusive courts of jurisdiction with respect to the interpretation or enforcement of the provisions of this Agreement.

*Id.* at § 8.

2

Less than one month after Plaintiff filed his original petition in state court, Defendant removed to federal court. ECF No. 1. One week later, Defendant moved to transfer the case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). ECF No. 6.

### LEGAL STANDARD

Section 1404(a) of Title 28 of the U.S. Code states that "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Applying this statutory language, the first step in analyzing a section 1404(a) transfer motion is to determine whether the case "'might have been brought' in the destination venue[,]" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc), or the parties consented to that venue, *In re Rolls Royce Corp.*, 775 F.3d 671, 680 n.42 (5th Cir. 2014). If either threshold condition is satisfied, then the Court proceeds to a second step: it must determine whether transfer is appropriate by balancing the same private and public interests that it balances when deciding whether to dismiss in favor of a non-federal forum under the *forum non conveniens* doctrine. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60–61 (2013) ("[Section] 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard[.]"). But while the factors to consider are the same, the balancing analysis is not identical. The necessary showing of inconvenience for transfer is "less[ened]" under 1404(a) compared to the showing necessary for dismissal under *forum non conveniens. Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Specifically, under section 1404(a), the moving party must only show "good cause"—*i.e.*,

3

that "its chosen venue is clearly more convenient." *In re Chamber of Com. of U.S. of Am.*, 105 F.4th 297, 303–04 (5th Cir. 2024).

When a party argues that a forum selection clause requires transfer under section 1404(a), the two-step analysis simplifies somewhat. The Court must determine whether the clause (a) is valid, (b) mandates use of the destination venue, and (c) encompasses all the claims at issue in the suit. *See Atl. Marine*, 571 U.S. at 62; *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016); *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222 (5th Cir. 1998). If the clause satisfies all these requirements, then the threshold requirement of "consent" is met, the plaintiff's choice of forum is accorded no weight, and the Court "must deem the private-interest factors to weigh *entirely* in favor of the preselected forum." *Atl. Marine*, 571 U.S. at 64 (emphasis added). The Court must still then consider the public-interest factors to determine whether they override the parties' choice of forum. But "those factors will rarely defeat a transfer motion," such that transfer will be required in "all but the most exceptional cases." *Id.* at 63–64.

If the forum selection clause is invalid, then the movant must establish "good cause" independent of the forum selection clause. This means showing not only that one of the threshold conditions of transfer is met, but "that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice'" based on balancing the private and public interest factors. *See In re Volkswagen of Am., Inc.*, 545 F.3d at 315. If the clause is valid but merely permissive (rather than mandatory), then the selection clause establishes consent—but the movant must still establish good cause to transfer apart from the selection clause. *See id.*; *see also Weber*, 811 F.3d at 768 (observing that a permissive forum selection clause is "only a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum").

4

ANALYSIS

The parties' forum selection clause requires transfer. The selection clause is not only valid, but requires the parties to litigate the disputes at issue in the Eastern District of Pennsylvania. Moreover, there are no public interest factors at play that make this an extraordinary case where the Court should decline to enforce the parties' choice of forum.

**A. The forum selection clause is valid.**

This Circuit has twice acknowledged the question whether federal or state law governs validity—and has twice declined to answer it. A decade ago, the Fifth Circuit observed that "[n]either the Supreme Court nor this court has said what source of law governs the 'validity' of a forum-selection clause." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 302–04 (5th Cir. 2016). Eight years later, it left the question open again. *See Matthews v. Tidewater, Inc.*, 108 F.4th 361, 368 n.4 (5th Cir. 2024).

*Barnett* mapped the two competing approaches to analyzing validity. On the first, validity collapses into enforceability, and "even in diversity cases, federal law governs the 'enforceability' of forum-selection clauses[.]" *Barnett*, 831 F.3d at 301 (quoting *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997)). Accordingly, if a clause is enforceable under federal law, then it is also "valid." *Id.* at 302–03. The other approach treats validity as "a matter of substantive contract law that is separate from and must precede any federal-law analysis of 'enforceability[.]'" *Id.* at 301–02. Under this approach, a valid clause is one that is both enforceable under federal law *and* valid under the substantive contract law determined by Texas's choice-of-law rules. *Id.*

As in *Barnett* and *Matthews*, this Court need not decide which approach is correct because "under either federal law

5

or Texas's choice-of-law rules," the forum selection clause is valid. *Id.* at 303. Take federal law first. Forum selection clauses are presumed enforceable under federal law—and the resisting party bears a "heavy burden of proof" to overcome them. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (quoting *Haynsworth*, 121 F.3d at 963). But this presumption may be overcome "by a clear showing that the clause is unreasonable under the circumstances." *Haynsworth*, 121 F.3d at 963 (internal quotation marks and citation omitted). Indicia of unreasonableness include if:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Id.* (internal quotation marks and citation omitted). Plaintiff does not argue any of these points, and none are present here. The clause is thus enforceable and valid under federal law.

The forum selection clause is also valid under the substantive law that Texas's choice-of-law principles require this Court to apply: Pennsylvania law. This is a diversity suit filed in Texas, so Texas is the forum state. Texas choice-of-law rules thus define the state law that governs the ultimate validity of the clause. *See Weber*, 811 F.3d at 770–71 (explaining choice-of-law analysis and citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). Texas law clearly permits choice-of-law agreements. *See Exxon Mobil Corp. v. Drennen*, 452 S.W.3d

6

319, 324 (Tex. 2014). Here, the Agreement states that relevant suits "shall be governed by . . . the internal laws of the Commonwealth of Pennsylvania." Agreement at § 8. As such, Texas law paired with the Agreement's choice-of-law provision leads to the result that Pennsylvania law controls as to validity.

The Supreme Court of Pennsylvania has long held that a forum selection clause is "unreasonable only where its enforcement would, under all circumstances existing at the time of litigation, seriously impair plaintiff's ability to pursue his cause of action." *Cent. Contracting Co. v. C. E. Youngdahl & Co.*, 209 A.2d 810, 816 (Pa. 1965). Plaintiff bears "the burden of proving its unreasonableness." *Id.* Plaintiff, however, does not identify—and the Court is not aware—of any such impairment here to Plaintiff pursuing his breach of contract and *quantum meruit* claims under Pennsylvania law. *See generally Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1250 n.4 (Pa. 2016). Thus, the forum selection clause is valid under Pennsylvania law.

### B. The forum selection clause is mandatory.

The Court must also examine whether the clause is permissive or mandatory. Generally, only mandatory forum selection clauses justify transfer or dismissal. *See Weber*, 811 F.3d at 768 (reinforcing that Fifth Circuit caselaw recognizes a "sharp distinction between mandatory and permissive" clauses). That is because a permissive forum selection clause "is only a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum." *Id.* But a mandatory forum selection clause goes "beyond establishing that a particular forum will have jurisdiction" and instead "clearly demonstrate[s] the parties' intent to

7

make that jurisdiction exclusive." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004).

To determine whether a forum selection clause is mandatory, federal courts apply the forum state's choice-of-law rules. *PCL Civ. Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1073 n.1 (5th Cir. 2020). As explained above, *see* Section I–A, *supra*, Pennsylvania law governs whether the forum selection clause is mandatory.

In Pennsylvania, it is clear that "[w]hen performance of a duty under a contract is due, any nonperformance is a breach." *Somerlot v. Jung*, 343 A.3d 324, 327 (Pa. Super. Ct. 2025), *reargument denied* (Oct. 9, 2025) (citing RESTATEMENT (SECOND) OF CONTRACTS § 235(2) (1981)). Here, the Agreement recognizes that state and federal courts in Pennsylvania are "the exclusive courts of jurisdiction with respect to the interpretation or enforcement of the provisions of this Agreement." Agreement at § 8. The Court is unable to find a Pennsylvania case that holds that the word "exclusive" in Section 8 of the Agreement would mean anything but its plain, ordinary meaning at the time of the contract's drafting. *Cf. DePuy Synthes Sales, Inc. v. Edwards*, 23 F. Supp. 3d 472, 478 n.4 (E.D. Pa. 2014) (interpreting a Pennsylvania forum selection clause under Pennsylvania law and chastising counsel for arguing that "exclusively" was inclusive of other jurisdictions); *see also Saw Creek Cmty. Ass'n, Inc. v. Cnty. of Pike*, 866 A.2d 260, 264 (Pa. 2005) (citing Webster's Second New College Dictionary's definition of "exclusive" as "something that is not shared with others" (internal quotation marks omitted)). Under Pennsylvania law, therefore, the forum selection clause mandates a Pennsylvania forum.

### C. The claims are within the scope of the forum selection clause.

Pennsylvania law applies to interpret the scope of the forum selection clause. *See* Section I–A, *supra*; *J.V. & Sons Trucking, Inc. v. Asset Vision Logistics, LLC*, No. 1:20-CV-163-H, 2020 WL 10458645, at *4 (N.D. Tex. Dec. 15, 2020) (explaining how the forum state's choice-of-law rules determine what substantive law applies and collecting cases). Here, Plaintiff's alleged payments from the Plan—viewed as a modified form of delayed compensation and severance—"ar[ise] directly out of the parties' employment agreement; so, the employment agreement is the source of [Plaintiff's] rights asserted and benefits claimed." *Provenzano v. Ohio Valley Gen. Hosp.*, 121 A.3d 1085, 1103 (Pa. Super. Ct. 2015) (concluding that post-severance compensation fell within the scope of the phrase "the interpretation and application of the employment agreement").

Plaintiff argues that the Plan lies outside of the scope of the Agreement. *See* Plaintiff's Opposition to Motion to Transfer at pp. 3–6 (ECF No. 9). But the Agreement *expressly* references and entitles Plaintiff to participate in the Plan, dictates the general terms of payments from the Plan post-termination, and equates participation in the Plan as consideration for the restrictive covenant found later in the Agreement. *See* Agreement at § 2. In fact, an entire page is taken up by Section 2, meaning one out of five pages of the Agreement covers and concerns the Plan. *Id.* Applying *Provenzano*, the Court concludes that Plaintiff's suit is "relat[ed] to [the Agreement's] . . . performance[,]" and that this controversy clearly falls within the scope of the forum selection clause. Agreement at § 8.

### D. No public interest factors make this an extraordinary case.

Because the forum selection clause is valid, mandatory, and covers Plaintiff's claims, Plaintiff's choice of forum is entitled to no deference, and the private-interest factors weigh completely in favor of transfer. Still, this Court must consider public-interest factors. *Atl. Marine*, 571 U.S. at 62, 64. These factors may include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6.

All public-interest factors indicate that this is not an unusual case where the Court should override the parties' forum selection clause. First, the Court is unaware—and Plaintiff has not argued—that the Eastern District of Pennsylvania is suffering from court congestion, making this factor neutral. Second, both Texas and Pennsylvania have an equal interest in having this controversy decided at home (given the citizenship of Plaintiff and Defendant in each respective state) and so this factor, too, is neutral. Third, the forum at home with the law *is* the proposed transferee forum, and so this factor weighs in favor of transfer.

Thus, because one of three relevant public-interest factors weighs in favor of transfer, the Court concludes that transfer is appropriate.

### CONCLUSION

1. The motion to transfer (ECF No. 6) is GRANTED. The Court directs the Clerk of Court to transfer this case to the U.S. District Court for the Eastern District of Pennsylvania.

10

2. The motion to extend the responsive pleading deadline (ECF No. 7) is GRANTED. The Court extends Defendant's responsive pleading deadline to 14 calendar days from the filing of this order.

*So ordered by the Court on July 13, 2026.*

ANDREW DAVIS
United States District Judge

11